———o———

SAMUEL NEEDHAM, ADM'R v. ASHER T. BELOTE ET AL.

*Administrator's sale—Release of dower.*

An administrator cannot, as matter of law, recover from an estate the sum he has paid the widow to release her right of dower in lands sold by him under a probate license; the statute does not empower him to make any such arrangement, and under the license the purchaser can buy only the interest of the estate.

Error to St. Joseph. Submitted Oct. 17. Decided Oct. 29.

APPEAL by the widow and heirs at law of John M. Belote from the ruling of the probate court allowing the administrator's claim for money paid to the widow to release her dower right to lands sold under a probate license.   The circuit court rejected the allowance and claimant brings error.

*John B. Shipman* for plaintiff in error.   Heirs are not concerned in the proceeds of a dower estate, and can only require the administrator to account for the highest sum that could be obtained for their interest, Comp. L., § 4553; *Murphy v. Vaughan,* 55 Ga., 361; *Eagle v. Emmet,* 4 Bradf. Surr., 125.

*Alfred Akey* for defendants in error.

COOLEY, J.  Did the circuit court err in deciding that the administrator was not entitled as matter of law to be allowed the $150 paid to the widow for the release of her right of dower in the lands sold by him?  If not, we cannot review its conclusion.

The land was sold by the administrator under a regular license granted by the probate court, and was bid off for $1000.  The report of his proceedings shows a sale for that sum, and nothing was said in it about the widow's right of dower.  The sale could not embrace the dower interest, for that did not constitute any part of the estate.  On the face of the transaction, then, the administrator was chargeable with the whole sum reported as received by him.

It appears, however, that before he could effectuate a sale, it became necessary for the administrator to give the purchaser a verbal promise to relieve the land of the widow's dower, and that he was compelled to pay $150 to obtain a release.  This arrangement was one the statute does not empower the administrator to make. In making it he took all risks upon himself: one of which was that parties interested in the estate would insist upon his accounting for the whole purchase price. It is probable that, as matter of equity, they ought in this instance to have recognized the payment he made as one that was beneficial to themselves, and saved him harmless in making it; but if they decide to plant themselves on legal grounds, we cannot help him.  He was an officer of the law, and the only course he could take and be protected in, was the course the law provided. The purchaser bought the interest of the estate, for he could buy no more, and the oral arrangement which the administrator honorably carried out, had no legal force whatever.

The judgment must be affirmed with costs.

The other Justices concurred.